226 N.J. Super. 653 (1988)
545 A.2d 255
STATE OF NEW JERSEY, PLAINTIFF,
v.
HARRY SAXON & JULIUS MORRIS, DEFENDANTS.
Superior Court of New Jersey, Law Division (Criminal), Cumberland County.
Decided January 27, 1988.
*654 Ronald W. Munson, for defendant Morris.
Steven S. Neder, Prosecutor, Cumberland County for the State (Ronda Forstein, Assistant Prosecutor).
Charles E. Viel, Assistant Deputy Public Defender for defendant Saxon.
SERATA, J.S.C.

FACTS
Defendants, Harry Saxon, Julius Morris and two others, were indicted in November 1986, for allegedly escaping from Leesburg *655 State Prison on August 11, 1986, contrary to N.J.S.A. 2C:29-5(a). Saxon and Morris were apprehended shortly after their alleged escape and they maintained innocence.
On January 28, 1988, they were tried by this court for the crime of escape. The defendants urged this court to permit them to present evidence of the defense of duress to the jury. This court denied their motion. This opinion is a clarification of court's decision.
The defendants, Harold Saxon and Julius Morris, sought to compel this court to forego a preliminary judicial determination of the merits of an alleged duress defense (the defendants believed they might be exposed to the AIDS virus if they were sexually assaulted by other prisoners) and they sought to present evidence of this defense to the jury. To support their motion, the defendants relied upon State v. Toscano, 74 N.J. 421 (1977), and Comment 5 to N.J.S.A. 2C:2-9. The defendants argued that Toscano not only prohibited a preliminary judicial determination of the merits of a duress defense, but also prohibited a preliminary determination as to whether the defendants sought official assistance. State v. Toscano, 74 N.J. at 442. Additionally, the defendants urged this court to consider Comment 5 to N.J.S.A. 2C:2-9, which requires "the jury to determine whether resistance to the threats or resort to offical protection was a realistic option." Cannel, Title 2C, Comment 5 to N.J.S. 2C:2-9, citing State v. Toscano, 74 N.J. at 442.
Toscano does not prohibit this court from making preliminary determination as to whether the defendants sought official assistance, for it only prohibits "preliminary judicial determination that the threats posed a danger of `present, imminent and impending' harm to the defendant or to another." Id. at 442. Although the Toscano court suggested that the trial judge, in his charge to the jury, advert to the opportunity of the defendant to seek official assistance the court did not require it. In fact, the court noted that "[t]he defendant shall have the *656 burden of producing sufficient evidence to satisfy the trial judge that the fact of duress is in issue." Ibid.
Moreover, Comment 5 to N.J.S.A. 2C:2-9 does not prohibit a preliminary determination as to whether the defendants sought official assistance. Cannel, Title 2C, Comment 5 to N.J.S. 2C:2-9. The Comment is based on the Court's holding in Toscano; a holding that is inapplicable in light of the above analysis.
Since the holding is inapplicable to the facts in this case, then this court is free to follow the United States Supreme Court decision in United States v. Bailey, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). In Bailey the Court held that an escapee was "not entitled to claim the defense of duress or necessity unless and until he demonstrate[d] that, given the imminence of the threat, violation of the [escape] statute was his only reasonable alternative." Id. at 411, 100 S.Ct. at 635, 62 L.Ed.2d at 586. Moreover, the court concluded "that, in order to be entitled to an instruction on duress or necessity as a defense to the crime charged, an escapee must offer evidence justifying his continued absence from custody as well as his initial departure and that an indispensible element of such an offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force." Id. at 412-413; 100 S.Ct. at 635-636, 62 L.Ed.2d at 588. The court held further that "an essential element of the defense of duress or necessity is evidence sufficient to support a finding of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity has lost its coercive force. As a general practice, trial courts will find it saves considerable time to require testimony on this element of the affirmative defense of duress or necessity first, simply because such testimony can be heard in a fairly short time, whereas testimony going to the other necessary elements of duress or necessity may take considerably longer to present." Id. at 412-413 n. 9, 100 S.Ct. at 635-636, 62 L.Ed.2d at 588.
*657 This court finds the holding of the Bailey court persuasive, and thus the preliminary judicial inquiry as to whether the defendants sought official assistance, before or after their escape, was permissible.
The case at bar is similar to Commonwealth v. Stanley, 498 Pa. 326, 446 A.2d 583 (Sup.Ct. 1982), a case decided by the Pennsylvania Supreme Court. In Stanley, as here, the escapees asserted overcrowding and poor medical care as grounds for a duress defense. Id. at 332, 446 A.2d at 589. The Stanley Court held that alleged overcrowding and poor medical care do not constitute a form of duress. Ibid. It is important to note that duress defenses have been recognized only in cases that involve immediate threats of serious bodily injury, death, or forcible sexual attack. People v. Lovercamp, 43 Cal. App.3d 823, 118 Cal. Rptr. 110 (Ct.App. 1974). None of those factors are present in this case. The inquiry conducted in this case shows that the defendants failed to make a bona fide effort to surrender or return to custody as soon as they escaped the alleged hazardous conditions of the state prison. This failure is fatal to their assertion of a duress defense. United States v. Bailey, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980); Commonwealth v. Stanley, 498 Pa. 326, 446 A.2d 583 (Sup.Ct. 1982). Therefore, the defendants' motion is denied.